Per Curiam.

The question, as to the procedure to be fol- • lowed in obtaining a new certificate for registered land forfeited for nonpayment of taxes and sold at an auditor’s sale, was determined in the case of State, ex rel. Draper, v. Wilder, Recorder, 145 Ohio St., 447, 62 N. E. (2d), 156, a mandamus proceeding to compel the issuance of new certificates of title to registered land purchased at a tax forfeiture sale. In that case it was held that Section 5762, General Code (Section 5723.12, Revised Code), relating to the title acquired by the purchaser of land forfeited to the state for the nonpayment of taxes and sold by a county auditor at tax sale, “does not repeal by implication Section 8572-58, General Code, a part of the Torrens Act, setting forth the steps and procedure necessary to register title to theretofore registered land obtained under a tax deed, and an action in mandamus based on Section 5762, General Code, will not lie to require a county recorder to issue a new certificate of registered title upon presentation of such tax deed.”
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.